Filed 3/5/13  P. v. Gonzalez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALEJANDRO GONZALEZ,<br><br>    Defendant and Appellant. | G046564<br><br>(Super. Ct. No. 11CF1475)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Patrick Donahue, Judge.  Affirmed in part and reversed in part.

Melissa Hill, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

*            *            *

A jury convicted Alejandro Gonzalez of second degree robbery (count 1; Pen. Code, §§ 211, 212.5, subd. (c); all further statutory references are to this code), assault with a firearm (count 2; § 245, subd. (a)(2)), felon in possession of a firearm (§ 12021, subd. (a)(1)), misdemeanor trespass (§ 602.5, subd. (b)) as a lesser-included offense of gang-related trespass (§ 186.22, subd. (d)), and active gang participation (count 5; § 186.22, subd. (a); hereafter sometimes "street terrorism," "the (a) count," or "substantive gang offense"). The jury rejected gang enhancement allegations (§ 186.22, subd. (b)), but found firearm allegations true on count 1 (§ 12022.53, subd. (c)) and count 2 (§ 12022.5, subd. (a)). In a bifurcated proceeding, the trial court found prior conviction allegations true for a prior prison term (§ 667.5, subd. (b)), a prior serious felony conviction (§ 667.5, subd. (a)(1)), and a prior "strike" conviction (§§ 667, subds. (d) & (e)(1), 1170.12, subds. (b) & (c)(1)).

On appeal, Gonzalez challenges the sufficiency of the evidence to support his conviction for active gang participation because he acted alone in committing his offenses. Alternatively, he argues the federal and state Constitutions bar for a sole perpetrator conviction of street terrorism or, at a minimum, section 654 required the trial court to stay sentencing on the (a) count. He also contends no substantial evidence established the primary activities of his gang, a predicate for any gang-related conviction or enhancement, and he insists the trial court violated his confrontation rights by permitting the prosecution's gang expert to testify concerning his gang's primary activities.

Because the California Supreme Court recently concluded a gang member acting alone, even on behalf of his gang, does not commit a substantive gang offense (*People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*)), we reverse Gonzalez's

conviction on the (a) count. As we explain, this outcome moots the remainder of Gonzalez's claims, and we therefore do not address them. In all other respects, we affirm the judgment.

I

BACKGROUND AND DISCUSSION

The pertinent factual and procedural background require little elaboration: two Santa Ana police officers passing by in their vehicle observed Gonzalez pointing a gun at a man outside a laundromat on Bristol Street. The gun "jerk[ed]" backwards, the officers heard at least one gunshot and then saw the victim hand something to Gonzalez. An eyewitness later provided more detail, describing how Gonzalez confronted the victim with the gun and demanded money, the victim complied but Gonzalez became angry at the amount the victim handed over, fired two rounds into the wall behind the victim to demonstrate "[t]his gun isn't fake," and collected more money from the victim. Meanwhile, the officers made a U-turn, exited their vehicle, and chased Gonzalez into a nearby home, where they found him hiding in a closet.

After the jury returned its verdict as noted, the trial court sentenced Gonzalez to 27 years in prison, consisting of the low term of two years for robbery, with a 20-year consecutive enhancement for discharging a gun during the offense, and a five-year consecutive term for the prior serious felony conviction. The court imposed a concurrent term of 16 months for the substantive gang offense, stayed sentencing on the remaining counts under section 654, and struck Gonzalez's prior strike.

The merits on appeal similarly call for little discussion as *Rodriguez* requires reversal of Gonzalez's conviction fort street terrorism because he acted alone. (*Rodriguez, supra*, 55 Cal.4th at p. 1139; *Auto Equity Sales v. Superior Court* (1962)

3

57 Cal.2d 450, 455.)  His constitutional challenge and alternative argument for a stay of the (a) count under section 654 are therefore moot.  Similarly, because we reverse his conviction on the (a) count and because the jury rejected both the gang trespass offense and gang-related penalty enhancements, nothing about Gonzalez's conviction or sentencing pertains to gangs, therefore mooting his challenge to the sufficiency of the evidence concerning the primary activities of his gang.  (See, e.g., *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566 [an appellate court will not engage in academic prestidigitation to resolve moot points].)

## II

## DISPOSITION

Gonzalez's conviction on count 5 for street terrorism in violation of section 186.22, subdivision (a), is reversed.  The judgment is affirmed in all other respects.  The trial court is directed to forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.


ARONSON, ACTING P. J.

WE CONCUR:


FYBEL, J.


THOMPSON, J.

4